The next case today is Zuleika Rivera v. Kress Stores P.R., Inc., at all. Appeal number 21-1331. Attorney Prado, please introduce yourself for the record and proceed with your argument. For purposes of the record, Attorney Edwin Prado, on behalf of Appellee Zuleika Rivera, I request two minutes to reserve two minutes for rebuttal. You may have it. Your Honor, the main issue in this case is whether an oral agreement that Ms. Rivera had after a written agreement are two separate agreements. Because the- Counsel, I would have thought the main issue in the case was whether it's a mandatory clause or a permissive clause. If that second, if this court concludes that the oral agreement is the same as the written agreement, then that's the issue. In terms of the why I argue that the oral agreement is a different agreement, Your Honor, when that written agreement was entered into, Ms. Zuleika Rivera was well-known just because of her title of Ms. Universe, and for Kress Stores, it was so important to put in the merchandise, Ms. Universe, her title, that in clause nine of that written agreement, it says that the main cause of the agreement is to use Ms. Universe title in the labels. If you look at all the labels that are in controversy, the products that were, that are in controversy, no mention at all to the Ms. Universe title. In August 2012, when Zuleika Rivera entered this new agreement, oral agreement, she was a resident of Florida. When she entered the written agreement, she was a resident of Puerto Rico. And the only thing that that written agreement does in terms of that clause, it basically says that Zuleika Rivera, in the written agreement, there was a controversy, choose- Mr. Prado? I'm sorry. Yeah, I would second what Judge Lynch just told you. You seem to be insistent on arguing your weak argument when you have another argument that I think- Sure. The court may be much more interested in. Thank you, Your Honor. I was going to get into that. But now, the permissive versus mandatory clause, the clause doesn't have preclusive language. It only says that, that it only, what it does is basically confer personal jurisdiction to someone Puerto Rico. Now Ms. Zuleika Rivera, when she entered into the oral agreement, she was a resident of Florida. And she, and she, if the clause extended to the oral agreement, then what she's basically agreed to is personal jurisdiction in Puerto Rico. Now it doesn't preclude federal court to exercise jurisdiction because it doesn't have language such as shall or must file any action with respect to this contract in the Superior Court of Puerto Rico. It only says that, that the clause only says that in case of any controversy to this agreement, the parties agree to voluntary to submit to the jurisdiction of this court. That's personal jurisdiction. And it's- Mr. Prado, we have a case, Prepa versus Erickson. And the district court below and the opposing parties on appeal tried to distinguish that. And it would be helpful to know what you think of their efforts to distinguish that case. Well, Your Honor, in this particular case, the, if we read, if we read the clause, it talks about controversy with the agreement in the written agreement. We cannot extend that clause to an oral agreement. Counsel, once again, you have been advised by the court to focus on the permissive nature versus the mandatory nature. Erickson helps you. Yes. All right. Why does Erickson help you? And why does your opponent's efforts to distinguish Erickson not work? Because, again, the language, there's no preclusive language in the contract that calls for exclusive jurisdiction in the Superior Court of San Juan. That's- Four minutes remaining. All right. So, counsel, so one reason that Erickson, that Erickson isn't, isn't distinguishable is that like your case, there is no preclusive language? There is no preclusive language at all in the clause. How else are the district court's efforts to distinguish Erickson not availing? The district court said Erickson was different than this case. I'm not sure I understand how, and I think it would be to your advantage to convince us that this case was like Erickson. Give me one. Mr. Galarza, you said that although at the time of the written agreement, your client was a resident of Puerto Rico, by the time of the oral agreement, she had moved out of Puerto Rico and she was in Florida. And that, therefore, gives some purpose to a consent to personal jurisdiction. Isn't that also like Erickson? Exactly. I mean, when she moved to Florida, and the only reason we're litigating in the district court of Puerto Rico, not the district, is that we understand that the agreement was done in Puerto Rico, the law applies in Puerto Rico, and she understands that she consented to personal jurisdiction in Puerto Rico. And that's why we filed a lawsuit in Puerto Rico. By the time she did the oral agreement, she wasn't a resident. There was no purpose on having the venue clause did not apply at that time. Because if she was a resident of Puerto Rico, when she entered into the contract, she was a resident of Puerto Rico, and all they did was choose a court within Puerto Rico. The federal courts would not have any jurisdiction at that time, in 2009, when she entered into the written agreement, because a breach of contract would do people that reside in Puerto Rico basis for federal jurisdiction. When she entered the contract, the new agreement, the verbal agreement, being a resident of Florida, all she consented was to have personal jurisdiction in Puerto Rico. Okay. Do you have another ground for why Erickson applies to this case? If not, we will hear from your opponent. Okay. I will. I will. I have no other argument. Do you have anything else? No, no. At this point, with respect to Erickson, no. Counsel, we expect you to be prepared for oral argument. You have the next 15 seconds to come up with something. I just said that with respect to Erickson, I don't have anything further to argue. All right. Thank you. You have rebuttal time reserved. At this time, Attorney Prado, please mute your device, and Attorney Martinez, please turn on your microphone and camera, and introduce yourself on the record to begin. Hi. Good morning to all. My name is Attorney Luis Martinez, and I represent Crystal. We are ready to proceed. Thank you. Proceed. Thank you, Your Honor. It's a pleasure and an honor to be back before this court, arguing this case. And, first of all, Your Honor, having read the plaintiff's brief and now the argument, I am reminded of a quote by the Puerto Rico Supreme Court which says that judges should not be asked to believe what no one else would believe, and I think that basically summarizes our position. I'm sorry. If I were a layperson reading this language, I would tend to think it was permissive language, so how does that argument help you? Well, Judge Lynch, since you were the person who wrote the opinion of the court in Erickson, I think the most important distinction that should be made is that in Erickson there was an initial and introductory phrase in the, I'm sorry, the Erickson case did not have an introductory and qualifying phrase that our contract has, and which this court, in the case of Rivera v. Centro Medico del Turabo, decided that was the dispositive phrase to determine that the clause was mandatory. So our position is that Erickson is controlling, go ahead. Mr. Martinez, it seems to me that the one difference between Erickson and this case that you point to actually just makes the Erickson one a bit more limited. It doesn't help you at all. I'm having trouble seeing why, it seems to me the district court got distracted by the We've got a case, Erickson, that's directly on point here, and we should just get you back to the district court and get on with the case. Well, very well, Your Honor. With all due respect, I disagree with you because we believe that the case in point is Rivera v. Centro Medico del Turabo, which was resolved by this First Circuit Court ten years after, or eight years after Erickson, which has what this court qualified as an the parties then agreed to submit to the jurisdiction of the court. Let me ask you this. Look at the language in Erickson. Do you think that language, in which the parties agreed to submit to the jurisdiction of the Commonwealth Courts, applied to anything other than controversies and conflicts that relate to the agreement? No, I mean, it applies to every controversy regarding the contract, which is what the lower court resolved. So, it was just a broader, it was, they both did X, arguably, Erickson, they did X with respect to a wider subject matter of controversies, as you just said, unlimited. But it's not what the consent and the submission applies to. It's whether there's a submission, and that portion of the language is essentially identical in the two cases. I disagree, Your Honor, with all due respect, because Erickson doesn't have the introductory phrase that this court deemed all-important in Rivera, which is that I think... But the introductory phrase, counsel, doesn't affect the submission to jurisdiction. If you read the clause in this case, it is the parties who submit to the jurisdiction of the Puerto Rico court. That clause doesn't submit every case in controversy to the jurisdiction of the Puerto Rico court. It submits the parties. It's a consent to personal jurisdiction, and in that sense, it's different than Rivera against Central Medical, which submitted cases and controversies to the jurisdiction, not the parties. Well, Your Honor, I do disagree, and as this court mentioned in Rivera, the different context is determinative, and because we have an introductory and qualifying phase, Your Honor, and there is a line of cases that begins in 1993 with the case of Lambert versus Kaiser. That's 93 Federal 2nd, 1110, and then Silva versus Encyclopedia Britannica, Summit Packaging versus Kenyon, Claudia de Leon versus Anaheim-Mendez, which is from 2014. This is a line of cases where this court, whenever there is the introductory and qualifying phrase, in all of those cases, the court has resolved that the clause is mandatory. Now, I do... Counsel, please. Yes. I'm going to go back to Judge Queada's point. If the introductory language is in any case or controversy or dispute, how could you ever have a permissive clause that referred to any case, controversy, or dispute? Your reading of the law would just read out any possibility of an agreement to... permissive agreement to accept the assertion of personal jurisdiction. That doesn't make any sense. Well, Your Honor, I think that it does, because if you don't have the introductory phrase and you're just saying that we will submit to the jurisdiction of the court, you're not defining what your consent or what your submission... That's right, and so it makes sense to have a defining clause, doesn't it? It does, but as you... And to effectuate the permissive nature of it. I don't think so, because I think that by defining the scope, as this court resolved in Rivera, by defining the scope, you are also defining the nature of the clause. And in this case, because the scope was defined by the introductory phrase, the nature was defined as a mandatory one. And there is also a line of cases where... Okay, can I... What is so wrong with a remand that goes back to the federal district court and the case proceeds? I don't quite understand what this battle is really about. Well, Your Honor, it's a matter of contractual compliance. The parties agreed that they would see in state court whatever difference they had related to the agreement. That's what they agreed to. That has a certain value for the plaintiff. It doesn't have a value for me as an attorney. I litigate in federal and state court. But for the parties, it did have... What's the value? That they wanted the local court to determine for whatever reasons they deemed necessary. And I wasn't the one who negotiated the contract. But both parties felt this was important enough to put it in plain language, that they wanted the superior court of San Juan, which cannot be confused with any other court. They wanted the state court in the San Juan superior part to see whatever differences they may have. And is the difference the availability of a jury trial in federal court? Is that what the difference is? I think that that is why the plaintiff is now trying to not comply with their agreement because she wants probably a jury and tried to present this lonely person against a big corporation and then maybe, I don't know, maybe make use of her image. She's a very talented person and a very dear person to Puerto Rico. There's no denying that. And I think that may be behind it. But even if that's the reason or if there's any other reason, the fact is that there is no reason to allow her to fail to comply with her contractual obligations. Okay. Thank you very much. Thank you, Your Honor. Have a good day. Thank you. Attorney Martinez, please mute. Thank you. Attorney Cordova-Morales, if you could unmute your audio and video at this time and introduce yourself on the record to proceed. Good morning, Your Honors. Nelson Cordova on behalf of Mr. Perez-Steven. May I proceed? Please. Thank you, Judge Lynch. I'll just add something to the mix with respect to the argument of either mandatory or just permissive, which I believe it speaks volumes, is the fact that when the clause was negotiated, not only by virtue of the contract itself, there were contacts. Plaintiff had contacts with Puerto Rico. But in addition, as counsel for Appellant argued, she was residing in Puerto Rico. So I believe that to put the clause in context, it's not fair to diminish the clause cognizant of the surrounding circumstances when the agreement was negotiated to avoid a personal jurisdiction issue. I just wanted to throw into the mix because I believe it illustrates recognizing the circumstances present. But those circumstances can change and the case law recognizes that even though there is no immediate personal jurisdiction issue, that a permissive clause may still have value at a future time when circumstances have changed or parties' inclinations have changed. And indeed, the circumstances did change here. The plaintiff left Puerto Rico shortly after this occurred. There is no disagreement whatsoever with respect to the changing circumstances. I agree with that. But if we go back to the circumstances present at the time the agreement was negotiated. Yes, but isn't it likely that someone who has been described as accomplished and beautiful and has the title of Miss Universe may very well move out of Puerto Rico? Wasn't that likely or at least possible at the time the agreement was drafted? It is possible. All of us would be speculating one way or the other, but it is possible. I agree with your assessment, Judge Lynch. Apart from that issue, do you have any argument that your client is simply not involved in this dispute? Yes, precisely, Judge Lynch. But the district court never ruled on that argument. That's right. If you look at the brief, there are two basic strains of thought, and I'll be very brief. First, there is the jurisdictional slash procedural argument, which is that the appellant chose to specifically designate the opinion and order, not the dispositive judgment per se, but the opinion and order. And the court of that opinion and order, which was the notice of appeal by plaintiffs or appellants, voluntary decisions specifically designated, says nothing, aside from an assessment of mootness, as to my client, Ms. Berestivy. Now, I do agree that the notices must be construed liberally. However, under case law, she... Let me just finish this sentence, and I believe Judge Queada may have a question. Okay, just finish the sentence. I just believe that, based on that, coupled with the fact that the brief itself is entirely devoid of any developed argument, I believe that the dispositive judgment as to Mr. Berestivy should be affirmed. Okay, thank you. Attorney Cordova-Morales, if you could mute your device, and Attorney Prado, please unmute your device, introduce yourself back on the record for your two-minute rebuttal. Your Honor, Attorney Edwin Prado, on behalf of Zuleika Rivera, we only want to point out that, as a reason holds, and the contract must be interpreted against the originator of the contract. That contract was done by Crest. And any ambiguities to be resolved on a... I saw your first argument was it isn't ambiguous. It's clearly permissive. It is permissive, but it is a permissive clause, and we agree. I mean, we are not changing our argument. We're just saying that the contract has to be construed. If there is any ambiguity as to whether it's permissive or mandatory to be construed in Zuleika Rivera's favor. Let me ask you something about your argument. We may have pushed you aside too far. If, just assume for purposes of argument, we were to rule that the jurisdiction, the forum selection clause, was permissive and not mandatory, and therefore you can certainly bring this case in district court, and we were to reverse that ruling, do you then care about the other aspect of the ruling, that the written contract still controlled the relationship or not? Well, I do not believe that the original contract rules the relationship between the parties because there's material terms that are different in the oral agreement, and I can go over and point out why it's materially different, the oral and the written one. Number one, if you look at… But let me ask about this. Do you claim that we should regard those as modifications of the… in other words, the written contract is the base, and then passage of time and oral statements modify it, but you've still got a hybrid of the written and orally modified? Yes, Your Honor, I agree with that. Yes, that's your position. That's time. Thank you, counsel. Thank you. That concludes our oral argument in this case. Attorney Prado, Attorney Martinez, and Attorney Cordova, you should disconnect from the hearing at this time.